IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.J., et al. )<br>)<br>  Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>CANDICE JONES, )<br>)<br>  Defendant. ) | Case No.: 12-cv-07289<br><br>Hon. Matthew F. Kennelly |

**DEFENDANT'S SUBMISSION OF POLICIES PURSUANT TO
PARAGRAPH I(3) OF THE REMEDIAL PLAN**

Defendant Candice Jones, Director of the Illinois Department of Juvenile Justice ("DJJ"), by her attorney, Lisa Madigan, Attorney General of Illinois, submits the attached policies for the Court's review and approval.

1. The remedial plan in this case (Dkt. No. 73) requires the DJJ to develop certain policies. For each such policy, paragraph I(3) of the plan requires the DJJ to provide a draft to the court-appointed experts and plaintiffs' counsel at least 30 days prior to the deadline specified in the plan, consider in good faith any proposed revisions and meet and confer upon request, submit the policy to the Court for its review and approval, and implement the policy.

2. In compliance with the remedial plan, related court orders, and an agreement of the parties, DJJ submits Exhibits A to C. These exhibits include the required policies (plus some additional sections which are not due under the plan, and which are not submitted for court review and approval, as indicated in the chart below). The attached polices are all new polices.

| Requirement | Relevant Exhibit(s) |
|---|---|
| Language requiring staff to make every effort to avoid confinement, and when possible first attempt less restrictive techniques (Dkt. No. 124 at 14) (agreement of the parties) | Exhibit A (**NEW**) (AD 05.01.303, Behavioral Management and De-Escalation); *only* paragraph I(B) is submitted for approval |
| Policy re special education (III(8)) | Exhibit B (**NEW**) (AD 04.10.118, Special Education Services) |
| Department-wide behavioral management system (V(2)) | Exhibit C (**NEW**) (AD 04.01.305, Positive Behavioral Interventions and Support) |

3. The DJJ provided (earlier drafts of) Exhibits A to C to the court-appointed monitors and plaintiffs' counsel. The monitors and parties had joint conference calls to discuss the policies:

4. Exhibit A. Pursuant to an agreement of the parties (made in connection with negotiations regarding DJJ's confinement policies), the DJJ has included language in an administrative directive stating that staff should "make every reasonable effort to avoid confinement and the use of force, and first attempt less restrictive techniques when possible." This language appears in Exhibit A at paragraph I(B); DJJ seeks court approval of this paragraph only. The other paragraphs of Exhibit A are not required by the plan; they are the subject of ongoing internal review and may be revised. Plaintiffs and the monitors approve of paragraph I(B).

5. Exhibit B. This is the DJJ's special education policy. DJJ previously filed a prior version of this policy (Dkt. No. 116), but the parties requested that the Court defer approval because the education monitor subsequently provided additional comments regarding the policy. The attached Exhibit B incorporates all of the education monitor's

comments, except that it requires the DJJ to request youths' school records within three business days of commitment to the DJJ, whereas the monitor had suggested two days (the initial draft said five business days). The other monitors and plaintiffs' counsel had no additional comments.

  6. <u>Exhibit C.</u> This is the DJJ's behavioral management plan, which adopts the PBIS (positive behavior interventions and supports) system of behavior management. The general juvenile justice and mental health monitors approve of this policy. The education expert had one minor comment which the DJJ did not adopt. For Part II(F)(3), he suggested that the PBIS Assignment Committee (a committee of staff members that meets at least twice a month) should "examine fidelity of implementation and schedule individual work with staff members who have difficulty implementing and/or supporting PBIS in their classrooms." However, this additional language is unnecessary because the submitted policy separately establishes a PBIS Oversight Committee tasked with "reviewing, approving, and monitoring the implementation and effectiveness of youth center PBIS Program Plans." In addition, the policy already requires the PBIS Assignment Committee to "assess the implementation and effectiveness of the youth center's PBIS Program plan."

  7. The DJJ respectfully requests court approval of Exhibits A (paragraph I(B) only), B, and C.

Dated: September 15, 2015

|  |  |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully submitted,<br><br>*/s/ Michael T. Dierkes*<br><br>Michael T. Dierkes<br>Office of the Illinois Attorney General<br>100 West Randolph Street, 13th Floor<br>Chicago, Illinois 60601<br> (312) 814-3000<br><br>Counsel for Defendant |