**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| R.J., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 12-cv-7289 |
| CANDICE JONES, in her official capacity ) | |
| as Director of the Illinois Department of ) | Hon. Matthew F. Kennelly |
| Juvenile Justice, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's September 16, 2015 Minute Entry (Dkt. 148), plaintiffs and defendant, by their respective counsel, hereby submit the following Joint Status Report.

**A. Court Approval of Submitted Policies**

1. On September 15, 2015, in compliance with the remedial plan and related court orders, the Illinois Department of Juvenile Justice ("DJJ") submitted three polices to the Court for its review and approval. (Dkt. No. 147). These three policies concern the following: (1) language requiring staff to make every effort to avoid confinement, and when possible first attempt less restrictive techniques (Exh. A (paragraph I(B) only)); (2) special education services (Exh. B); and (3) a department-wide behavioral management system (Exh. C). Prior to court submission, the DJJ provided drafts of these policies to the court-appointed monitors and plaintiffs' counsel, and the monitors and parties had joint conference calls to discuss and comment upon these policies.

2. During the status hearing on September 15, 2015, the Court allowed plaintiffs' counsel additional time to consult with the education monitor about the policies as presented by the DJJ. Plaintiffs' counsel and the education monitor have since conferred and all are satisfied with the policies that have been submitted to the Court. The parties now respectfully request Court approval of Exhibits A (paragraph I(B) only), B, and C.

**B. Remaining Items Required by Remedial Plan**

1. The remedial plan requires three additional items: (1) mental health staffing levels and qualifications, to be adopted in a supplemental order (Dkt. No. 73 at II(4)), (2) a revised medication management policy (*id.* at II(8)), and (3) a comprehensive treatment model, described in the plan as a "strategic plan for an evidence-based or evidence informed comprehensive treatment and rehabilitation model to be used for all youths in all DJJ facilities" that ensures "general uniformity and cohesive programming in all DJJ facilities, across educational, mental health, substance abuse, behavioral management, and other programming" (*id.* at V(1)).

2. The remedial plan requires the DJJ to develop mental health staffing levels and revise its medication management policy after hiring both a medical director and a child and adolescent psychiatrist. In August, the DJJ hired a medical director, as required by the plan. The DJJ is continuing its search for a child and adolescent psychiatrist, and has been working with the court-appointed mental health monitor to identify potential candidates. The DJJ recently made an offer to a candidate, but that person declined the position last week. Even though its search for a child and adolescent psychiatrist is still ongoing, the DJJ has agreed to move forward now with the development of mental health staffing levels and the medication management policy.

3. DJJ has a comprehensive treatment model in place as an umbrella under which the Department continues to develop and revise its programs and activities. The DJJ retained the Vera Institute of Justice to assist in identifying potential parts of the model, visited other states to observe other well-regarded juvenile rehabilitation programs, and consulted with the court-appointed monitors. The DJJ also provided an initial outline of the model, including implementation steps and projected timelines, to the monitors and plaintiffs' counsel, along with updates and revisions as implementation has begun. The monitors provided written comments, the DJJ provided written responses, and the parties and monitors participated in several conference calls to discuss the model. The monitors agree and expect that it will take some additional time to further develop and then finalize the model.

**C. Plaintiffs' Counsel**

1. Plaintiffs wish to notify the Court that plaintiffs' counsel Adam Schwartz and his family have recently relocated to California and, as such, Mr. Schwartz will be leaving the Roger Baldwin Foundation ("RBF") of ACLU, Inc. Mr. Schwartz will continue to work remotely on this matter until November 1, 2015, at which point he will move to withdraw his individual appearance. Meanwhile, Camille Bennett joined the RBF on May 1, and will be assuming Mr. Schwartz's responsibilities in this matter. Ms. Bennett is a 1994 graduate of the University of Chicago Law School and was formerly Counsel at Dentons US LLP, where her practice included litigating and resolving complex class actions. Since 2004, Ms. Bennett has also worked on several cases concerning prison conditions, including *Johnson-Ester v. Elyea*, No. 07 C 4190 (N.D. Ill.) and *Rasho v. Walker*, No. 07-1298-MMM (C.D. Ill.), a class action suit on behalf of the mentally ill prisoners in the Illinois Department of Corrections. Along with Ms. Bennett, RBF Legal Director Benjamin Wolf and staff attorney Lindsay Miller will remain active as

3

plaintiffs' counsel in this matter, along with partner Kevin Fee and associate Joseph Dosch of Sidley Austin LLP.

DATED: October 6, 2015                    Respectfully submitted,

**For the plaintiffs:**                   **For the defendant:**

By: /s/ Lindsay S. Miller                 By: /s/ Michael T. Dierkes

Adam Schwartz                             Michael T. Dierkes
Benjamin S. Wolf                          Office of the Illinois Attorney
Camille Bennett                           General
Lindsay S. Miller                         General Law Bureau
Khadine Bennett                           100 West Randolph Street, 13th Floor
Roger Baldwin Foundation of ACLU, Inc.    Chicago, IL 60601
180 North Michigan Avenue, Suite 2300     (312) 814-3672
Chicago, IL 60601
(312) 201-9740


Maja C. Eaton
Kevin M. Fee, Jr.
Joseph R. Dosch
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

4