# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| R.J., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 12-cv-7289 |
| v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| HEIDI MUELLER, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' STATEMENT ON REQUEST FOR PROHIBITORY RELIEF

Plaintiffs, by their attorneys, respectfully request that the Court defer action on the request for prohibitory relief made in their Motion to Enforce filed on July 17, 2017 (Dkt. 202),[1] for the following reasons:

When Plaintiffs filed their Motion to Enforce on July 17, they had a recently obtained list of over 40 charges brought against IYC Harrisburg youth in the Circuit Court of Saline County arising out of incidents at IYC Harrisburg between January 2016 and March 2017. Dkt. 202, Sealed Exhibit 1. The Department insisted that steps it had taken – in particular, an agreement with the union – had led to a halt in staff taking complaints to the Saline County State's Attorney as of March. Dkt. 207, pp. 4-5. Between July 17 and now, DJJ has reported only one new charge (a juvenile charge) against an IYC Harrisburg youth in Saline County, and this is a charge relating to an incident in 2016 (so apparently not a complaint taken to the Saline County State's Attorney since March of this year). *See* Dkt. 207 at 4 n. 2. While Plaintiffs remain concerned that, due to unresolved conditions that seem to have given rise to the prosecutions in the first place, the Harrisburg prosecutions could resume in full force at any time, it appears that the steps

---

[1] To wit, to "prohibit DJJ from placing any additional youth at IYC Harrisburg, including youth placed there for intake processing." Dkt. 202, pp. 1, 12.

taken by DJJ, and the Court's attention to the issue, have diminished the need for an immediate and total prohibition on placing any youth at IYC Harrisburg.

Plaintiffs also are reluctant to ask this Court to prohibit new admissions to Harrisburg until reasonable alternatives are available. Since filing their motion, Plaintiffs have also received information about services at IYC St. Charles that affects their assessment of the relief requested in July. Specifically, both the education monitor, Dr. Leone, and the mental health monitor, Dr. Kraus, have reported after their site visits that both educational and mental health staffing and services at IYC St. Charles are in poor condition. In Dr. Kraus's view, the mental health services are in a worse state than they were in 2016. Since many of the youth affected by Plaintiffs' July 17 request would inevitably be placed at IYC St. Charles, Plaintiffs cannot in good conscience request that a substantial additional number of DJJ youth be placed at a facility that continues to struggle with basic, constitutionally-required services.

As stated in Plaintiffs' Response to DJJ's Plan, Plaintiffs believe that a profile of "at risk" youth needs to be developed so that these youth will not be placed at IYC Harrisburg as long as the threat of prosecution in Saline County remains. Dkt. 217 pp. 2-4. Since the youth most at risk of prosecution in Saline County appear to have serious mental health needs as well as serious behavioral issues, this will require work and assessment by the mental health monitor and likely the safety and welfare monitor as well. *Id.* Plaintiffs have attempted to come up with a method of identifying the youth most at risk which would serve as an interim proxy for this profile, but information shared by DJJ with Plaintiffs in the past few days has shown that any simple method of trying to identify these youth (*e.g.*, African-American youth from urban counties) still sweeps too broadly (there are 68 of these youth currently at IYC Harrisburg). More analysis and input from the monitors is therefore needed in order to properly narrow the

2

category of youth most at risk of prosecution, and to find suitable alternative placements for these youth. Depending on the outcome of this analysis, Plaintiffs will consider whether or not to renew their request for prohibitive relief on behalf of a smaller group of DJJ "at risk" youth. In the meantime, DJJ has committed to Plaintiffs' counsel that the Department will continue to limit youth transfers to IYC Harrisburg as described in DJJ's plan submitted August 25, 2017. Dkt. 214, p. 11.

The parties have already taken steps this week towards creating a more robust version of the plan submitted by DJJ on August 25, 2017 by reaching out to the monitors and scheduling joint calls to solicit their opinions and feedback. DJJ will consider input from both the monitors and Plaintiffs and circulate a revised version of the August 25th Plan. Plaintiffs will also remain vigilant as to events at IYC Harrisburg. Plaintiffs have already requested and received regular updates as to Harrisburg prosecution information, and as directed by the Court (Dkt. 211), the parties will propose a modification to the Consent Decree requiring disclosure of information concerning youth prosecutions no later than October 6, 2017. If the Harrisburg prosecutions resume at an increased pace, or other circumstances warrant, Plaintiffs may renew their request for prohibitive relief.

DATED: September 22, 2017                    Respectfully submitted,

                                             By: /s/ Camille E. Bennett

Maja C. Eaton                                Benjamin S. Wolf
Kevin M. Fee, Jr.                            Camille Bennett
Joseph R. Dosch                              Lindsay S. Miller
Sidley Austin LLP                            Roger Baldwin Foundation of ACLU, Inc.
One South Dearborn Street                    150 N. Michigan Ave., Suite 600
Chicago, IL 60603                            Chicago, IL 60601
(312) 853-7000                               (312) 201-9740

## <u>CERTIFICATE OF SERVICE</u>

I, Camille E. Bennett, hereby certify that on September 22, 2017, I caused true and correct copies of the foregoing PLAINTIFFS' STATEMENT ON REQUEST FOR PROHIBITORY RELIEF to be served upon all counsel of record via the Court's ECF system.


/s/ Camille E. Bennett

4