IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.J., *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 12-cv-7289 |
| vs. ) | |
| ) | Hon. Matthew F. Kennelly |
| ) | |
| ROBERT VICKERY, in his official ) | |
| Capacity as Director of the Illinois ) | |
| Department of Juvenile Justice, ) | |
| ) | |
| Defendant. ) | |

## REPLY IN SUPPORT OF MOTION TO ENFORCE REMEDIAL PLAN AND COMPENSATORY EDUCATION PLAN

Plaintiffs' pending Motion to Enforce ("Motion") requests that the Court order the Department to take three actions: (1) fill crucial teacher vacancies at its Northern Facilities; (2) provide compensatory education to youth incarcerated in non-IDJJ facilities; and (3) provide compensatory education to non-incarcerated youth – or explain its failure to do any or all of these things at a court hearing. This hearing should include those third parties or DJJ personnel that are necessary to provide a full explanation of the failures, and/or to arrive at a plan to take the requested actions promptly.

As its memorandum in response to the pending Motion ("Response") indicates, the Department has made some progress on the second requested action. It has begun providing compensatory education to eligible youth in three out of six non-IDJJ facilities, so Plaintiffs withdraw their request for a hearing as to those three facilities. The Department has not, however, made meaningful progress on the other actions. Instead, the Department assures that while the problems underlying the Motion's three requests have not actually been solved, DJJ plans to take

1

preliminary steps toward solving them in the future, therefore there is no need for the Court or parties to change course. This is the same approach the Department has taken in the parties' regular meetings about these topics: the first step is always just around the corner, rarely arrives on time (or at all), and the underlying problems persist while the wait continues. This is unacceptable. The problems at issue are serious and their intractability are preventing resolution of this long-pending case, and so they deserve heightened focus and urgency.

*Teacher Vacancies*. The first problem the Motion identifies is the most fundamental: teacher shortages in Warrenville and Chicago are still causing frequent school cancellations and have prevented delivery of the full-time, full-day school required by the Consent Decree and Remedial Plan. Dr. Wilson has since informed the parties that while IYC Warrenville showed an uptick in attendance in the last month, IYC Chicago attendance rates were just over 50% in April. The problem is simply too urgent to allow it to continue while the Department moves through the various steps of its glacial hiring process. The Motion therefore requests that the DJJ fill the vacancies immediately by whatever means necessary: through re-deployment of DJJ personnel (which proved a successful workaround in December 2023), use of dedicated substitutes or tutors to fill the vacancies temporarily, or otherwise.

The proposal the Department offers in its Response to simply is allow its hiring process to continue as normal, do nothing to fill the vacancies in the meantime, and hope that this approach – which has a zero percent success rate in delivering full-time, full-day school consistently at these facilities over the past several years – will lead to different results this time. (*Compare* Dkt. 308, 357 – addressing the same staffing problem in 2020 and 2022, respectively.) This is insufficient and Plaintiffs request that the Court schedule a hearing to discuss how to solve this problem now,

and that the Department identify in advance any internal personnel or third parties necessary to explain why it cannot implement any of the interim proposals Plaintiffs have offered.

*Compensatory Education at non-IDJJ Facilities*. According to the Department, it has begun providing compensatory education to eligible youth at Cook County Juvenile Temporary Detention Center, Winnebago County Juvenile Detention Center, and the Mary Davis Home in Knox County. Plaintiffs withdraw their request to discuss those facilities at the requested hearing. The Department has not provided compensatory education at Cook County Jail, the Winnebago County Jail, and the Kane County Juvenile Detention Center. Plaintiffs request that the Court schedule a hearing to discuss the failure to implement the program at these facilities, and that the Department identify any internal personnel or third parties necessary to explain the failure to do so.

*Compensatory Education in the Community*. Finally, the Department has not begun providing compensatory education to eligible youth outside incarceration. DJJ's Response indicates that it is finally hiring an additional tutoring vendor – Chicago Home Tutor, recommended by Dr. Zablocki in his Compensatory Education Plan in September 2022 – to help administer the program, including to youth outside incarceration.[1] Plaintiffs welcome the additional help, but at this stage of the program DJJ should be delivering actual services to these youth rather than rounding out its list of vendors. DJJ is not delivering services and has not presented a concrete plan for how it will do so, other than to hire Chicago Home Tutors and hope they can provide services where Varsity and LVI could not.

The Response also highlights the parties' efforts to provide additional notice to eligible youth to increase interest in the program once it is launched outside the detention facilities.

---

[1] The Response predicted that the contract with Chicago Home Tutors would be fully executed by May 10, 2024. As of the parties' meeting on May 16 the contract had not been signed.

Plaintiffs hope the latest round of notice will increase program participation, but it likewise does not actually solve the problem: that these youth are still not getting compensatory education services over a year into the program. Indeed, each successive DJJ notice likely loses impact when the services they promise never come. Plaintiffs therefore request that the Court schedule a hearing to discuss the failure to deliver services to these youth, and that the Department identify any internal personnel or third parties necessary to explain the failure to do so, and to discuss how to provide services promptly.

Dated: May 17, 2024

Respectfully submitted,

/s/ Kevin M. Fee

Camille E. Bennett
Kevin M. Fee
Samantha Reed
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, Illinois 60601
(312) 201-9740
*Counsel for Plaintiffs*

Joseph R. Dosch
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
*Counsel for Plaintiffs*

Olga Pribyl
Rachel Shapiro
EQUIP FOR EQUALITY
20 N. Michigan Ave., Suite 300
Chicago, Illinois 60602
(312) 895-7321
*Counsel for the Special Education Subclass*