IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.J., *et al.* | ) |
| Plaintiffs, | ) |
| | ) Case No.: 12-cv-7289 |
| vs. | ) |
| | ) Hon. Matthew F. Kennelly |
| ROBERT VICKERY, in his official Capacity as Director of the Illinois Department of Juvenile Justice, | ) |
| Defendant. | ) |

## PARTIES' JOINT STATUS REPORT

Pursuant to this Court's order (Dkt. No. 448), the parties submit this joint status report. This report provides an update regarding the issues raised in Plaintiffs' motion to enforce. *See* Dkt. 441, 445. The parties' respective reports are below.

**I. IDJJ'S REPORT**

Plaintiffs' motion to enforce addressed educator staffing, compensatory education for youths detained in non-DJJ detention facilities, and compensatory education for youths outside detention facilities. Here is DJJ's update regarding these items:

**Vacant Educator Positions and Substitute Teachers**

In its response to Plaintiffs' motion to enforce, DJJ indicated that it had posted all vacant educator positions for IYC-Chicago and IYC-Warrenville, and it committed to make offers to qualified candidates by June 1, 2024. Dkt. 445. DJJ attached a chart listing the open educator positions and describing their status. Dkt. 445-1. To update the Court, DJJ extended offers for all positions with a qualified candidate by June 1, 2024, as promised. Exhibit A hereto updates DJJ's previously filed chart.

1

Educator Positions

As Exhibit A indicates, conditional offers have been accepted for four educator positions at IYC-Chicago: Social Science Teacher, Career and Technical Education Teacher, and Special Education Teacher (two positions). These candidates are in the background check process and should begin in July.

For IYC-Warrenville, DJJ is currently in salary negotiations with a candidate for a Special Education Teacher position. In addition, DJJ has outstanding offers for an Elementary Education Teacher position, a Science Teacher position, and a second Special Education Teacher position; the candidates' responses are pending. Finally, DJJ made an offer for a Language Arts Teacher position for IYC-Warrenville, but it was declined.

All positions that did not have qualified candidates will be reposted. Requestions will be rebuilt, sent to CMS for approval to post, and will be reposted for 10 business days. This process normally takes two to three weeks.

Substitute Teachers

DJJ has also made significant progress in hiring substitute teachers. DJJ previously reported that it contracted with Delta-T, an educational staffing referral agency, to obtain substitute teachers. As of May 6, 2024 (the date of DJJ's last filing, Dkt. 445), DJJ had two substitute teachers at IYC-Chicago. Since then, DJJ hired two additional substitutes for IYC-Chicago, one of whom has started and one of whom is in the background check process and should start by July 1, 2024. This will result in a total of four substitutes at IYC-Chicago. In addition, DJJ has made offers for two substitute teacher positions for IYC-Warrenville. Both candidates accepted the offers and will undergo background checks after they complete the requisite paperwork. They should also start by July 1, 2024.

<u>Full-Time, Full-Day School</u>

In recent months, IYC-Warrenville has been in compliance with remedial plan's full-time, full-day school requirement. Dkt. 337 at 4. The new hires at IYC-Chicago should help bring this facility into compliance as well. As of the DJJ's May 6, 2024 filing, IYC-Chicago had seven teachers and two substitutes. Dkt. 445 at 4. Since then, four candidates have accepted conditional offers for educator positions at the facility, and the facility now has three substitute teachers, with a fourth starting in less than three weeks.

The ACLU has proposed that IDJJ use school district executive administrative staff to "fill in" for absent educators. This proposal was formally made on June 6, 2024. IDJJ is currently considering the proposal.

**Compensatory Education for Youths Detained in Non-DJJ Detention Facilities**

Plaintiffs' motion to enforce also addresses compensatory education for youths in non-DJJ detention facilities. There are currently 19 youths in non-DJJ detention facilities who are eligible for compensatory education; eleven have refused services and eight have opted in. Of the eight opt ins (located at the Cook County Jail, the Winnebago County Jail, and the Knox County Temporary Juvenile Detention Center), five are currently receiving services and two are unable to receive services at this time because they are currently in segregation. The one remaining youth is at the Winnebago County Jail. He has a tutoring session with Varsity Tutors scheduled for next week, on June 18. The slight delay with respect to this youth was due to logistical issues that have been resolved.

**Compensatory Education for Youths Outside Detention Facilities**

Finally, Plaintiffs' motion to enforce addresses compensatory education for youths outside of any detention facility. DJJ recently notified 67 youths on aftercare who are eligible for

compensatory education through outreach by their aftercare specialists. Of these 67 youths, 65 refused services and two opted-in. One of the opt-ins was recently released and is receiving services through LVI online; the other is in placement and DJJ is actively working with his placement to facilitate tutorial services. (In addition to the youths on aftercare, DJJ recently notified 217 other eligible youths by mail or e-mail, but none of them opted in.) Compensatory education services are currently being provided by LVI and Varsity Tutors, and DJJ is currently in contract negotiations with a third provider, Chicago Home Tutors.

**II.     PLAINTIFFS' REPORT**

**Vacant Educator Positions**

While Plaintiffs are pleased to hear that DJJ has made progress in its educator hiring process, we remain primarily focused on the underlying problem at hand – DJJ's continuing, long-running failure to deliver full-time, full-day school. That problematic state of affairs remains more or less unchanged at IYC Chicago. The facility suffered through just over 50% school attendance rates during the month of May, much to the concern of the court-appointed monitor. Initial reports from the monitor's assistant's June 7, 2024 visit to the facility suggest that conditions have not improved in June. The only actual change to educational staffing at IYC Chicago since the parties last appeared before this Court is the hiring of a single substitute teacher: there are no new permanent teachers at the facility. This is not enough, and Plaintiffs are not satisfied to allow part-time school to continue while DJJ works through its hiring process. The additional month DJJ estimates it will take before new teachers can start at IYC Chicago is too long to wait; history suggests the onboarding process will almost certainly take longer.

To fill the gaps while DJJ continues its search for permanent teachers, Plaintiffs have proposed that the Department resurrect a stopgap measure that was successful in December 2023:

deployment of other qualified DJJ staff to fill key educator vacancies.[1] Given the low school attendance rate at Chicago and the number of key vacancies there (five), Plaintiffs have suggested deployment of two temporary, full-time qualified educators from elsewhere in the DJJ system to head classrooms until they can be replaced by permanent educators. Plaintiffs believe this is a reasonable request that will minimize internal disruption at DJJ while dedicating necessary resources to an urgent problem.

Plaintiffs have also suggested deployment of one additional qualified educator to IYC Warrenville given its very recent history of low attendance rates and school cancellations. DJJ's hiring plan demonstrates that the facility hopes to hire *eight* additional educators as soon as possible, so a single additional temporary teacher will certainly not overcrowd the faculty or be without sufficient teaching work. And given the facility's history of near-constant teacher absences, attrition, and paralyzing security incidents, the presence of an additional qualified educator will undoubtedly relieve stress on the undersized faculty.

**Compensatory Education in Non-DJJ Detention Facilities**

At the May 23, 2024 hearing before the Court DJJ stated that it would be actively providing compensatory education to all willing and eligible youth in non-DJJ detention facilities by June 1. The Department now reportst hat, as of June 12, it is providing services to only five of eight of these youth who have opted in to the program.

The actual data DJJ sent to Plaintiffs on June 11, 2024 tracking the Department's compensatory education indicates that even these five have not received consistent services since the May 23, 2024 hearing before this Court. (It also only shows seven total youth in non-DJJ facilities by Plaintiffs' count – not eight.) The relevant and redacted portion of DJJ's data is

---

[1] Plaintiffs have invited DJJ to submit alternative stopgap proposals, including short-term contract teachers, deployment of tutors, or recently retired educators, but DJJ has not submitted any alternative proposals.

5

excerpted below, with "1s" representing single compensatory education sessions occurring in the week indicated in the top row:

| Name | Location | Opt In/Out | 5/26/2023 | 6/2/2023 | 6/9/2023 |
|---|---|---|---|---|---|
| X | Knox County JDC | Opt In | 1 | | |
| X | County Detention/Jail | Opt In | | 1 | 1 |
| X | County Detention/Jail | Opt In | | | |
| X | County Detention/Jail | Opt In | | | |
| X | County Detention/Jail | Opt In | | | |
| X | County Detention/Jail | Opt In | | 1 | |
| X | County Detention/Jail | Opt In | | | |

Plaintiffs' counsel met with one of the youth supposedly receiving services (the youth at Knox County JDC), and he confirmed that he has not received any tutoring in the nearly three weeks that elapsed since his original session even though he very much wants to participate.

 In short, DJJ has not provided information sufficient to resolve this issue. Plaintiffs have been conferring with and prodding the Department to provide these services since long before they filed the pending motion, and the confusing and incomplete picture DJJ has provided is simply inadequate after over six months of these discussions. Plaintiffs do not understand why youth outside DJJ custody are still not consistently receiving services they want and to which they are entitled. Nor do Plaintiffs understand why two youth who are both eligible for and interested in services are automatically cut off from them simply because other facilities say they are in "segregation." And while it seems positive that there is a session scheduled at Winnebago County Jail next week for one of the eligible youth, Plaintiffs have been assured many times that developments in this area are just around the corner only to be disappointed.

 Plaintiffs suggest that the parties and Court discuss the latest on this topic at the upcoming June 14, 2024 hearing, including whether it will be helpful for the Court to seek input from non-parties responsible for the latest delays in service (in this case, likely representatives of the

Winnebago County Jail, Cook County Jail, and/or Knox County Juvenile Detention Center), either through a separate live hearing or by other means.

**Compensatory Education Outside Detention Facilities**

Plaintiffs are still working with Defendants to understand why the compensatory education program notice DJJ recently sent to eligible youth outside detention facilities (*i.e.* in the community) was so unsuccessful, particularly when many of these youth previously expressed interest in the program. Plaintiffs are also still verifying that DJJ notified all eligible youth. Because there are apparently no youth in the community who have requested compensatory education services, there does not appear to be a current need for a hearing to discuss the logistics of in-community tutoring. However, Plaintiffs request that the Court continue to hold the motion in abeyance until the parties can explore the failure of DJJ's most recent round of notice.

Dated: June 13, 2024

/s/ Michael T. Dierkes

Michael T. Dierkes
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3672
*Counsel for Defendant*

Respectfully submitted,

/s/ Kevin M. Fee

Camille E. Bennett
Kevin M. Fee
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, Illinois 60601
(312) 201-9740
*Counsel for Plaintiffs*

Joseph R. Dosch
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
*Counsel for Plaintiffs*

Olga Pribyl
Rachel Shapiro

Equip for Equality
20 N. Michigan Ave., Suite 300
Chicago, Illinois 60602
(312) 895-7321
*Counsel for the Special Education Subclass*